**KELLY CLARK, OSB #83172**
E-Mail: kellyc@oandc.com
**KRISTIAN ROGGENDORF, OSB #01399**
E-Mail: ksr@oandc.com
**PETER B. JANCI, OSB #07424**
E-Mail: peterj@oandc.com
O'Donnell Clark & Crew LLP
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, OR 97209
Phone: (503) 306-0224
Fax: (503) 306-0257

**GILION C. DUMAS, OSB #92293**
3307 NE 21st Avenue
Portland, Oregon 97212
Phone: (503) 946-8312
Email: giliondumas@comcast.net

Attorneys for Plaintiff John Doe 150

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN DOE 150**, an individual proceeding under an assumed name, | Case No. **CV'08 - 691 - PK** |
| Plaintiff, | **COMPLAINT** |
| v. | (Sexual Battery of a Child/*Respondeat Superior*, Intentional Infliction of Emotional Distress/*Respondeat Superior*; Fraud; Negligence) |
| **THE ARCHDIOCESE OF PORTLAND IN OREGON**, an Oregon corporation; **THE ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON** and successors, a corporation sole d.b.a. THE ARCHDIOCESE OF PORTLAND IN OREGON, | |
| Defendants. | **JURY TRIAL DEMANDED**<br>Not Subject to Mandatory Arbitration |

## STATEMENT OF JURISDICTION AND VENUE

1.

This Court has jurisdiction over this case pursuant to 28 USC 1334(a), and Sections 6.4

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

21579

and 11.1 of the Second Amended and Restated Joint Plan of Reorganization of Debtor, Tort Claimants Committee, Future Claimants Representative, and Parish and Parishioners Committee, dated February 26, 2007, *In the Matter of Roman Catholic Archbishop of Portland in Oregon, and Successors, a Corporation Sole, dba Archdiocese of Portland in Oregon, Debtor*, United States Bankruptcy Court for the District of Oregon Case No. 04-37154-elp11 (2007) ("The Plan"). Venue is proper in that court pursuant to 28 USC 1409(a) and 28 USC 1391(b), and pursuant to the above cited paragraphs of The Plan.

## PARTIES

### 2.

Plaintiff "John Doe 150" (hereinafter "Plaintiff") is an adult male born in the year 1945 who, at all times relevant to this complaint, was an unemancipated minor child and attended St. Charles Church, located in Portland, Oregon.

### 3.

At all times relevant to this complaint, the Archdiocese of Portland in Oregon and the Roman Catholic Archbishop of Portland in Oregon, d.b.a. the Archdiocese of Portland in Oregon (hereinafter collectively referred to as "Defendants") were Oregon corporations. At all times relevant to this complaint, Defendants owned, controlled, and operated St. Charles Church.

## ALLEGATIONS AND CLAIMS FOR RELIEF

### 4.

At all times relevant to the allegations in this complaint, Father Maurice Grammond (hereinafter "Fr. Grammond") was Diocesan priest at Our Lady of Sorrows—an employee and agent of Defendants. During that employment and agency, Fr. Grammond provided pastoral services to Plaintiff, and was acting within the course and scope of his employment or agency in performing duties for and on behalf of the Defendants, including hearing Plaintiff's confession.

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

5.

At all times relevant to this complaint, Defendants empowered Fr. Grammond to perform all duties of a priest, including pastoral and religious services, counseling, spiritual and moral guidance, and religious instruction, and other duties of a priest. Defendants knew that as part of his duties as a priest, Fr. Grammond would be in a position of trust and confidence with children and their families, including the Plaintiff in this case. At all times relevant to this complaint Defendants also held Fr. Grammond out as a "priest" though the act of public ordination and the granting of faculties to Fr. Grammond in the Archdiocese. At all times relevant to this complaint, Defendants, in public documents and statements, proclaimed that its priests were subject to a set of behavioral parameters, including celibacy, and were therefore sexually "safe" toward parishioners young and old. By allowing Fr. Grammond to act as a priest was a signal to the public that Fr. Grammond comported with Defendants' internal rules on the proper conduct of priests.

6.

At all times relevant to this complaint, Defendants invited Plaintiff, his family, and all other members of the public into a special, fiduciary relationship with the Roman Catholic Church, in part inviting Plaintiff and his family to entrust the Church with their spiritual matters and encouraging Plaintiff to submit to the rules of the Church in exchange. At all times relevant to this complaint, one of the teachings of the Roman Catholic Church was a firm and consistent obedience to any instruction from a Roman Catholic priest. Plaintiff was raised in this belief, and it formed the basis for his relationship with Fr. Grammond in this case. In particular, Defendants encouraged Plaintiff and his family to involve frequently in their lives the various priests and religious of Defendants, including having priests to dinner, inviting them to family and social events, and generally conditioning Plaintiff—consistent with Defendants' teachings on the status of priests—to respect, obey, and revere any priest of the Roman Catholic faith.

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

7.

While acting as a priest, and for the purpose of furthering his assigned duties as a priest, Fr. Grammond identified Plaintiff's family as one with an adolescent or teenage boy; befriended the Plaintiff and his family, gained the family's trust and confidence as a spiritual guide, and as a valuable and trustworthy mentor to Plaintiff; gained the permission, acquiescence, and support of Plaintiff's family to spend substantial periods of time alone with the Plaintiff; and sought and gained the instruction of Plaintiff's parents to Plaintiff that he was to have respect for Fr. Grammond's authority and to comply with Fr. Grammond's instruction and requests.

8.

For the purpose of furthering his duties as a priest, Fr. Grammond also sought and gained the trust, friendship, admiration and obedience of the Plaintiff in this case. As a result, Plaintiff was conditioned to trust Fr. Grammond, to comply with Fr. Grammond's direction, and to respect Fr. Grammond as a person of authority in religious, spiritual, moral and ethical matters.

9.

Beginning in or about the year 1957, while Plaintiff and his family were parishioners at St. Charles Church, Fr. Grammond befriended Plaintiff's brother and began making house calls on Plaintiff's family. Fr. Grammond would engage the family members in spiritual activities, and also began to take Plaintiff and his brother to the parish to which Grammond was assigned, Our Lady of Sorrows, and to various other locations throughout northwestern Oregon. The course of conduct described in this paragraph and in paragraphs 6 and 7, above, is hereinafter collectively referred to as "Grooming."

10.

Fr. Grammond, while acting within the course and scope of his employment and agency, and using the authority and position of trust as a priest and agent for the Defendants—through the Grooming process—induced and directed Plaintiff to engage in various sexual acts with Fr. Grammond in 1958. These sexual acts will be referred to hereinafter as the "abuse."

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

11.

Fr. Grammond, an adult, engaged in intentional conduct that resulted in some or all of the following: physical injury, mental injury, sexual abuse, and sexual exploitation of Plaintiff as those terms are used in ORS 12.117.  Specifically, beginning in 1958, Fr. Grammond subjected Plaintiff to abuse consisting of touching of a sexual nature, including fondling Plaintiff's genitals on dozens of occasions while driving to Mt. Hood, while camping at Mt. Hood, and on trips elsewhere in the Pacific Northwest.

12.

As a result of the child abuse, Plaintiff has suffered and continues to suffer severe debilitating physical and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage—distinct in time and logic from the abuse itself—all to his non-economic damages of $3,000,000.00, the exact amount to be proven at the time of trial.

13.

As a further result of Fr. Grammond's abuse, Plaintiff has incurred or will incur costs for counseling, psychiatric and psychological medical treatment, and lost wages, all to his economic damages in the approximate amount of $100,000.00, the exact amount of which will be proven at the time of trial.

14.

In late 2007 or early 2008, Plaintiff discovered the causal connection between the abuse set forth in paragraph 10 and 11 and the injuries suffered in paragraphs 12 and 13, above.  Prior to late 2007 or early 2008, Plaintiff did not discover, and could not reasonably have discovered, the causal connection between the abuse itself and the injuries he suffered distinct from and as a result of the abuse.

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

## FIRST CLAIM FOR RELIEF
### Against All Defendants
(Sexual Battery of a Child/*Respondeat Superior*)

15.

Plaintiff realleges and incorporates by reference paragraphs 1 through 14, above.

16.

The abuse described in paragraphs 10 and 11, above, constituted a harmful and offensive touching of Plaintiff, without Plaintiff's consent.

17.

Fr. Grammond used the Grooming process described in paragraphs 7, 8, and 9, to accomplish his acts of abuse of the Plaintiff. Fr. Grammond's Grooming was (1) committed in direct connection and for the purposes of fulfilling Fr. Grammond's employment and agency with the Defendants; (2) committed within the time and space limits of his employment and agency a as priest; (3) done directly in the performance of his duties as a priest; (4) undertaken, at least in part, with the desire to serve the Defendants; (5) was generally actions of a kind and nature which Fr. Grammond was required to perform as a priest; and (6) was done at the direction of, and pursuant to, the power vested in him by the Defendants.

18.

Prior to the abuse of Plaintiff, Defendants had ratified Fr. Grammond's abuse of children itself as part of his employment duties. Specifically, at least by 1957, Defendants received notice of Fr. Grammond's sexual abuse of children, through a report to an agent of Defendants Fr. V.L. Moffenbeier from a parent of an abused boy. Despite promising that the Archdiocese would "take care of it," nothing was done about Fr. Grammond, and the Archdiocese never issued a public reprimand or warning to the parishioners of the Archdiocese about Grammond's conduct. Defendants in this way ratified that Fr. Grammond was permitted to engage in some level of child abuse without losing his employment or agency with the Archdiocese, and child abuse itself was thus in the course and scope of Fr. Grammond's employment and agency with Defendants.

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

19.

As a result of Fr. Grammond's abuse of Plaintiff and Fr. Grammond's breach of authority, trust and position as priest and authority figure to the Plaintiff, Plaintiff has suffered permanent and lasting damages distinct from the abuse itself, as detailed above in paragraphs 12 and 13, above.

## SECOND CLAIM FOR RELIEF
### Against All Defendants
(Intentional Infliction of Emotional Distress/*Respondeat Superior*)

20.

Plaintiff realleges and incorporates by reference paragraphs 1 through 14, and 18, above.

21.

Fr. Grammond, while engaging in the Grooming process described in paragraphs 7, 8, and 9, above, knowingly and intentionally caused severe emotional distress to Plaintiff when he sexually battered and abused Plaintiff. Plaintiff did in fact suffer severe emotional distress as a result of this abuse, and the sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

22.

Fr. Grammond used the Grooming process described in paragraphs 7, 8, and 9, above, to intentionally inflict severe emotional distress through the abuse of Plaintiff. Fr. Grammond's Grooming was (1) committed in direct connection and for the purposes of fulfilling Fr. Grammond's employment and agency with the Defendants; (2) committed within the time and space limits of his employment and agency as a priest; (3) done directly in the performance of his duties as a priest; (4) undertaken, at least in part, with the desire to serve the Defendants; (5) was generally actions of a kind and nature which Fr. Grammond was required to perform as a priest; and (6) was done at the direction of, and pursuant to, the power vested in him by the Defendants.

**COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

23.

As a result of Fr. Grammond's intentional infliction of emotional distress on Plaintiff and Fr. Grammond's breach of authority, trust and position as priest and authority figure to the Plaintiff, Plaintiff has suffered permanent and lasting damages as detailed above in paragraphs 12 and 13, above.

### THIRD CLAIM FOR RELIEF
Against All Defendants
*Fraud*

24.

Plaintiff realleges and incorporates by reference paragraphs 1 through 23, above.

25.

At all times relevant to this complaint, Defendants engaged in the presentation of their priests as celibate and chaste religious leaders, as described in paragraph 5, above. At all times relevant to this complaint, Defendants represented Fr. Grammond as a priest of the Archdiocese.

26.

At all times relevant to this complaint, Defendants invited Plaintiff, his family, and all other members of the public into a special, fiduciary relationship as described in paragraph 6, above. At all times after 1957, Defendants knew of Fr. Grammond's danger Defendants thus had a duty to disclose known threats to the health and safety of the children entrusted to their care.

27.

Defendants specifically knew that Fr. Grammond presented a danger to young boys, such as Plaintiff in this case, as early as 1957, and perhaps sooner. This knowledge constituted a material fact because Plaintiff and/or his parents would not have entered into a relationship with the Defendants and their agents had they been aware of this fact—or at least would have taken steps to protect Plaintiff against sexual abuse by priests—and specifically would not have allowed Fr. Grammond to associate with Plaintiff. Defendants' knowledge of the dangers of

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

child abuse by its agents, and Grammond in particular, also amounted to knowingly allowing, permitting or encouraging child abuse within the meaning of ORS 12.117.

28.

At all times relevant to this complaint, Defendants made numerous misleading statements of types as follows:

      a.      Affirmative misrepresentation — Beginning with the priestly ordination process and continuing for as long as Fr. Grammond was an active priest, the Archdiocese publicly represented that Fr. Grammond was a priest who lived in conformance with the Archdiocese's own rules on the proper behavior of priests, including celibacy. After 1957, by allowing Fr. Grammond to continue to work as a priest in the Archdiocese, Defendants affirmatively misrepresented the material fact that Fr. Grammond was a priest in good standing with the Archdiocese, meaning that he was celibate and in conformance with Church teaching on the conduct of priests. Also, Defendants advertised their programs and their agents to the public, including this Plaintiff and his family, as a safe and healthy for children, and worthy of trust and confidence, despite the fact that this was false, at least in part and certainly in relation to Fr. Grammond;

      b.      Implied misrepresentation (false impression) — By not acting against Fr. Grammond in 1957, Defendants created a false impression of material fact that Fr. Grammond was sexually "safe" as set forth in paragraph 5, above, and that he was being transferred in the normal course of Archdiocese business;

      c.      Omission — By not disclosing that Fr. Grammond had admitted to abusing a child not later than 1957, Defendants omitted from its communications with the public, its parishioners, and Plaintiff and his family the material fact that Fr. Grammond was dangerous to children, or at the very least had abused at least one young boy;

      d.      Concealment — By keeping silent and not disclosing Fr. Grammond's abuse in 1957, Defendants concealed material fact of the danger posed by Fr. Grammond toward young

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

boys with whom Grammond came in contact; and

     e.     Half-truth — Defendant created a half-truth in that they advertised themselves and their agents to the public, including this Plaintiff and his family, as providing a safe, healthy, and trustworthy environment for children; this was not the entire truth in relation to Fr. Grammond.

29.

The above misrepresentations, failures to disclose, and/or concealment of the Defendants' problems with Fr. Grammond and his sexual abuse of children are referred to collectively hereinafter as the "Fraud."

30.

Defendants also disseminated the Fraud as described above to the general public as to all priests of the Archdiocese, despite knowing by at least 1957, if not far earlier, that a certain percentage of their priests had or continued to molest minors, and without putting any procedures or programs in place to reduce the risk of molestations recurring either by the offending priests or other agents of the Archdiocese.

31.

The Defendants knew that the Fraud consisted of false representations or asserted the Fraud with reckless disregard for the truth. Defendants asserted the Fraud with the intent of inducing Plaintiff (and children similarly situated), Plaintiff's parents (and parents similarly situated), and the community at large to rely on the Fraud, and thereby to trust the Defendants and their priests as though they were providing a safe environment for children and/or to refrain from acting against Defendants as providing an unsafe environments for children. Absent this warning, it was foreseeable to Defendants that others would rely on their representations that priests in general and Fr. Grammond in particular were sexually safe, and that at least some number of trusting children would be abused by acting on that misrepresentation.

32.

Plaintiff and his parents relied on the Fraud in allowing Plaintiff to interact with Fr.

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

Grammond alone in their home and go with Fr. Grammond to various places in the Pacific Northwest. Plaintiff and his parents' reliance was justified because they did not know, nor could they have known, that the Defendants' institutions had serious, wide-spread problems with their agents engaging in inappropriate sexual contact with children. Defendants held this knowledge solely and exclusively, and would not have disclosed such knowledge even with diligent inquiries.

33.

Plaintiff was injured by his reliance upon Defendants' Fraud in the manner described in paragraphs 10, 11, 12 and 13, above. Plaintiff discovered the injuries, distinct in time and logic from the abuse, in late 2007 or early 2008. Prior to this time, Plaintiff did not know he was "injured" —within the meaning of ORS 12.117—through Defendants' Fraud.

**FOURTH CLAIM FOR RELIEF**
Against All Defendants
*Negligence*

34.

Plaintiff realleges and incorporates by reference paragraphs 1 through 33, above.

35.

Defendants created a special relationship with Plaintiff by inviting and encouraging him to participate in religious, educational, and other activities within the Church, to attend services within St. Mary Magdeline's, and to associate with Fr. Grammond.

36.

Defendants became aware of Fr. Grammond's improper sexual activities with children through a report to them of such behavior not later than 1957, when a father of one of Grammond's other victims told Archdiocesan priest Fr. V.L. Moffenbeier about Grammond's fondling of boys and engaging in sexually inappropriate behavior. Defendants were negligent in that they failed to remove Grammond from the priesthood, strip him of his ability to act as a

**COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

priest, remove him from contact with children, or place any other restriction on Fr. Grammond's activities involving children, including Plaintiff in this case. It was foreseeable to Defendants the class of children in Catholic families in the Archdiocese, of which Plaintiff was a member, were placed in danger by Fr. Grammond.

37.

Defendants were also negligent to Plaintiff for damage that resulted from the abuse of Fr. Grammond, in one or more of the following particulars:

a.     Defendants failed to monitor Fr. Grammond's activities around children or put a reporting system in place by which substantive remedial measures would be triggered by reports of any abuse;

b.     Defendants, after receiving complaints about Fr. Grammond using the position of priest to engage in sexual abuse, failed to report the abuse to law enforcement; and

c.     Defendants failed to notify the parents and church members within the Archdiocese of Fr. Grammond's danger, even after they knew of Fr. Grammond's propensities to use his position as a priest to engage in acts of sexual abuse.

38.

As a direct and proximate result of Defendants' negligence described in paragraphs 36 and 37(a), (b), and (c), Plaintiff was damaged as alleged in paragraphs 10, 11, 12 and 13, above. Plaintiff discovered the injuries, distinct in time and logic from the abuse, in late 2007 or early 2008. Prior to this time, Plaintiff did not know he was "injured" —within the meaning of ORS 12.117—through Defendants' negligence.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     If successful on any or all of Plaintiff's claims for relief, non-economic damages for Plaintiff in the amount of $3,000,000.00, the exact amount to be determined by the jury at the

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

time of trial;

      2.      If successful on any or all of Plaintiff's claims for relief, economic damages for Plaintiff in the amount of $100,000.00, the exact amount to be determined by the jury at the time of trial;

      3.      For Plaintiff's costs and disbursements incurred; and

      4.      For any other relief this Court deems just and equitable.

DATED this 6th day of June, 2008.

O'DONNELL CLARK & CREW LLP

Kelly Clark, OSB #83172
Kristian Roggendorf, OSB #01399
Peter B. Janci, OSB #07424
*Of Attorneys for Plaintiff*

Gilion C. Dumas, OSB #92293
*Of Attorneys for Plaintiff*

Page 13    **COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

## DEMAND FOR JURY TRIAL

Plaintiff John Doe 150 hereby demands a trial by jury pursuant to 28 U.S.C. § 1411.

O'DONNELL CLARK & CREW LLP

Kelly Clark, OSB #83172
Kristian Roggendorf, OSB #01399
Peter B. Janci, OSB #07424
*Of Attorneys for Plaintiff*

Gilion C. Dumas, OSB #92293
*Of Attorneys for Plaintiff*

Page 14     **COMPLAINT**

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257